# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WHITFIELD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>G. TULP, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-01375-SKO PC<br><br>FIRST SCREENING ORDER DISMISSING RFRA, RLUIPA, FREE EXERCISE, MAIL, DUE PROCESS, AND EIGHTH AMENDMENT CLAIMS WITH PREJUDICE, AND DISMISSING REMAINING CLAIMS WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

### First Screening Order

**I.　　Screening Requirement and Standard**

　　Plaintiff Michael Whitfield, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)) on August 18, 2011.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.[1] Id. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

///

_____

[1] Plaintiff was incarcerated when he filed this action.

1

time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no *respondeat superior* liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.    Plaintiff's Claims**

    **A.    Summary of Complaint**

Plaintiff, who is now out of custody, brings this action for damages against Correctional Sergeant G. Tulp and Correctional Officer D. Boyett for violating his constitutional rights while he was incarcerated at Avenal State Prison.[2] On October 17, 2010, Plaintiff was transferred from

---

[2] Defendant Tulp is also identified as Tulip in the complaint, but Tulp is the correct spelling. (Doc. 1, Comp., Ex. S, p. 104.)

2

Facility 5 to Facility 6 due to the closure of the Facility 5 gymnasium. (Doc. 1, Comp., Ex. A.) Plaintiff's claims against Defendants arise out of their alleged refusal to allow him to send his excess personal and legal property to a friend.[3] Instead, Defendants impermissibly confiscated and destroyed Plaintiff's excess property, in contravention of state regulations permitting excess property to be sent to another individual.[4]

Out of the allegedly wrongful confiscation and destruction of his personal property, Plaintiff attempts to bring a litany of claims for the violation of his constitutional rights. For the reasons set forth below, the Court finds that Plaintiff's complaint does not state any claims upon which relief may be granted under section 1983. The Court will permit Plaintiff one opportunity to amend those claims with deficiencies which may be curable through amendment, but it bears noting that the Constitution does not provide redress for every grievance. See Hayden v. Grayson, 134 F.3d 449, 457 (1st Cir. 1998) ("[N]ot every form of misconduct is a constitutional violation. . . ."); Nunez v. City of Los Angeles, 147 F.3d 867, 874 (9th Cir. 1998) ("Put simply, not every social injustice has a judicial remedy."). With respect to general conditions of confinement, the Constitution does not mandate comfortable prisons, and institutions which house those convicted of serious crimes cannot be free of discomfort. E.g., Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392 (1981) (quotation marks omitted). Further, with respect to the infringement into protected rights, lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, and Plaintiff retains only those rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. E.g., Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800 (1974) (quotation marks omitted).

///

---

[3] Plaintiff's apparent contention that he was entitled to keep all of his property simply because it was permitted inside the prison walls with him upon his arrival at Avenal in 2009 is without merit. Institutions within the state vary in terms of what property is allowed, but the general policy is that the combined volume of state-issued and allowable personal property items shall not exceed six cubic feet. Cal. Code Regs., tit. 15, § 3190(c) (quotation marks omitted). For reasons unclear from the record, Plaintiff had amassed more than six cubic feet of property while housed in the Facility 5 gymnasium and his transfer to Facility 6 led to the need to bring his allowable property into compliance with the regulation. (Comp., Ex. A; Ex. S, court record p. 103.)

[4] Tit. 15, § 3191(c)(1).

3

### B. Retaliation

Plaintiff alleges that Defendants conspired to retaliate against him.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff correctly asserts that Defendants may not retaliate against him for exercising his right of access to the courts. However, Plaintiff's complaint is devoid of any factual support for a claim that Defendants, in confiscating and destroying his property, were motivated to retaliate against him for the exercise of his protected rights.

### C. Free Exercise and RLUIPA

Plaintiff alleges that included within his confiscated property were religious materials, including his bible. Plaintiff alleges that the confiscation and destruction of those items burdened the exercise of his religion, in violation of the First Amendment and RLUIPA.[5]

The protection of the Free Exercise Clause of the First Amendment is triggered when prison officials infringe upon the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith; to be upheld, the impinging rule or regulation must be reasonably related to legitimate penological interests. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). Pursuant to RLUIPA, prison officials may not substantially burden an

---

[5] Plaintiff also alleges that his rights were violated under the Religious Freedom Restoration Act of 1993 (RFRA), but RFRA was ruled unconstitutional in 1997 as applied to states. City of Boerne v. Flores, 521 U.S. 507, 536, 117 S.Ct. 2157 (1997); Navajo Nation v. U.S. Forest Service, 535 F3d 1058, 1067 n .10 (9th Cir. 2008).

4

inmate's religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means. Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (quotation marks and citation omitted).

Assuming the confiscation of Plaintiff's excess property led to the incidental destruction of religious items, as Plaintiff alleges, there is no support for a claim that Defendants acted to prevent Plaintiff from engaging in the practice of his religion.

### D. Denial of Access to the Courts

Inmates have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with Plaintiff's right to litigate. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Phillips, 588 F.3d at 655.

Plaintiff alleges that in two actions against the County of Fresno, he missed the filing deadline of December 20, 2010, for serving a government claim and he missed the deadline to file an appeal of his request for leave to file a new action. In the first instance, Plaintiff's deadline expired two months after the confiscation of his property. In the second instance, although Plaintiff did not provide any case numbers or further detail, it appears that Plaintiff has been declared a vexatious litigant under state law and his desired appeal was from an order denying him leave to file an action in state court.[6] In neither situation has Plaintiff alleged sufficient facts to support a claim that Defendants were responsible for causing him to suffer actual prejudice with respect to qualifying litigation. See Lewis, 518 U.S. at 355 (Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative

---

[6] The Court takes judicial notice of Fresno County Superior Court case number 10CECG03546, Whitfield v. County of Fresno, in which the Honorable M. Bruce Smith denied Plaintiff's application to file a new case on October 7, 2010. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

1  actions to slip-and-fall claims."); Silva, 658 F.3d at 1103 (right to pursue claims that have a
2  reasonable basis in law or fact) (citation omitted).  Mere inconvenience to Plaintiff resulting from
3  lost, misplaced, or confiscated legal documents will not suffice to support a constitutional claim.
4  Defendants' actions must have been the proximate cause of actual prejudice to Plaintiff.  Silva, 658
5  at 1103-04.

### E. Interference with Mail

Plaintiff alleges that the confiscation of his property impermissibly interfered with his right to send and receive mail, including magazines.  While prisoners retain the right to send and receive mail, albeit subject to substantial limitation, the event at issue in this action was the confiscation and destruction of Plaintiff's excess property; Defendants did not impermissibly censor Plaintiff's incoming or outgoing mail.  See Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (citing Procunier v. Martinez, 416 U.S. 396, 413, 94 S.Ct. 1800 (1974)) (setting forth standard for evaluating censorship of outgoing mail); Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005) (citing Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987)) (setting forth standard for evaluating censorship of incoming mail).

### F. Denial of Equal Protection

Plaintiff alleges that Defendants discriminated against him based on his race.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur, 514 F.3d at 891.  An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff's complaint is devoid of any facts supporting his claim that Defendants intentionally discriminated against him based on his race.

### G. Denial of Due Process

#### 1. Deprivation of Property

Plaintiff alleges that Defendants intentionally and wrongfully confiscated and destroyed his personal and legal property and then failed to provide him with a property receipt, in contravention of state prison regulations and in violation of his right to due process.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). The deprivation of Plaintiff's personal property without due process is really the crux of this litigation. However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the wrongful confiscation of his personal property in contravention of prison regulations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

#### 2. Inmate Appeals Process

Plaintiff also alleges a claim for relief arising out of Defendant Tulp's response to his inmate appeal. The existence of an administrative remedy process does not create any substantive rights, however, and Plaintiff is precluded from bringing a due process claim based on the response to his inmate appeal. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

7

**H.** **Conditions of Confinement**

Plaintiff alleges that the confiscation of his medication, hygiene items, and state-issued linen and clothing, which left him without hygiene items, linen, and clothing for three days, violated his rights under the Eighth Amendment.

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). In order to state a claim, a prisoner must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the prisoner. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Assuming that swept up in the property confiscation were Plaintiff's medication, hygiene items, linen, and clothing, there is no simply factual support for a claim that Defendants knowingly disregarded a substantial risk of harm to Plaintiff's health or safety.

Likewise, Defendant Tulp's threat to pepper spray Plaintiff does not support a claim. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

**I.** **Conspiracy**

Finally, Plaintiff alleges that Defendants conspired to violate his rights. To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Assuming that Plaintiff is able to amend to state a claim for the violation of a constitutional right, a bare assertion of conspiracy to violate that right will not suffice to state a claim.

///

### III. Conclusion and Order

Plaintiff's complaint does not state any claims upon which relief may be granted under section 1983 or RLUIPA. Given the nature of the incident at issue and Plaintiff's allegations, the Court finds that Plaintiff's RFRA claim, RLUIPA claim, First Amendment free exercise claim, First Amendment mail claim, due process claims, and Eighth Amendment claims are not capable of being cured through amendment, and those claims shall be dismissed, with prejudice. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In an abundance of caution, the Court will permit Plaintiff to file an amended complaint as to the remaining retaliation, access to courts, and equal protection claims, as there is a remote possibility they might be curable through amendment.

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 677-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's RFRA claim, RLUIPA claim, First Amendment free exercise claim, First Amendment mail claim, due process claims, and Eighth Amendment claims are dismissed, with prejudice, for failure to state a claim;

2. Plaintiff's retaliation, denial of access to the courts, and equal protection claims are dismissed with leave to amend;

3. The Clerk's Office shall send Plaintiff a complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state any claims upon which relief may be granted.

IT IS SO ORDERED.

**Dated:** **August 28, 2012**            /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE